UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x

VANESSA WEINBEL                                                    COMPLAINT

                                        Plaintiff,                JURY DEMAND

         -against-

THE CITY OF NEW YORK; HUGH BOGLE, as Commanding
Officer, Police Service Area No.: 9; RASHEENA S. HUFFMAN,
as Lieutenant, Police Service Area No.: 9; HWAN KIM, as
Lieutenant, Police Service Area No.: 9; STEVEN ANDERSEN,
as Sergeant, Police Service Area No.: 9; and JAMES MCKENNA,
as Sergeant, Police Service Area No.: 9; each sued individually
in their official capacities as employees of defendant THE CITY
OF NEW YORK

                                        Defendants
-------------------------------------------------------------------------x

         The plaintiff VANESSA WEINBEL through her attorney THE SANDERS FIRM, P.C.,

files this federal complaint against defendants' THE CITY OF NEW YORK; HUGH BOGLE;

RASHEENA S. HUFFMAN; HWAN KIM; STEVEN ANDERSEN and JAMES MCKENNA

respectfully set forth and allege that:

## INTRODUCTION

         This is an action filed on behalf of the plaintiff VANESSA WEINBEL, (hereinafter

referred to as "plaintiff") alleging that her statutory rights as an employee and citizen were

violated due to defendants' THE CITY OF NEW YORK; HUGH BOGLE; RASHEENA S.

HUFFMAN; HWAN KIM; STEVEN ANDERSEN and JAMES MCKENNA'S race and gender

discrimination.

## JURISDICTION AND VENUE

         1.      The jurisdiction of this Court is invoked pursuant to 18 U.S.C. § 1965, 28 U.S.C. §§

1331, 1343 and 2202 to secure protection of and to redress deprivation of rights secured by:

a. Title VII of the Civil Rights Act of 1964 (hereinafter referred to as "Title VII") providing for injunctive and other relief against race and gender discrimination in employment;

b. the Civil Rights Act of 1871, 42 U.S.C. § 1983;

c. New York State Executive Law § 296;

d. New York City Administrative Code § 8-107

2. The unlawful employment practices, violations of plaintiff's civil rights complained of herein were committed within the Eastern and Southern Districts of New York.

## PROCEDURAL REQUIREMENTS

3. Plaintiff alleges that on or about August 15, 2018, she filed a complaint with the United States Equal Employment Opportunity Commission (EEOC), Complaint No.: 520-2019-01154.

4. Plaintiff alleges that on or about October 1, 2019, she received a Notice of Right to Sue from the EEOC.

5. Plaintiff filed this suit within the applicable statute of limitations period.

6. Plaintiff is not required to exhaust any administrative procedures prior to suit under the Civil Rights Act of 1871.

## PLAINTIFF

7. Plaintiff VANESSA WEINBEL is a female citizen of the United States of America, over twenty-one (21) years of age and resident of the County of Suffolk.

8. Plaintiff self-identifies as a Caucasian female.

9. Defendant THE CITY OF NEW YORK employs plaintiff as a police officer assigned to the Police Department City of New York, Police Service Area No.: 9.

## DEFENDANTS'

10.     Defendant THE CITY OF NEW YORK is a municipal corporation and at all relevant times plaintiff's employer, with its central officers in the county of New York, and diverse other offices and facilities throughout the world.

11.     Defendant HUGH BOGLE, as Commanding Officer, Police Service Area No.: 9.

12.     Defendant RASHEENA S. HUFFMAN, as Lieutenant, Police Service Area No.: 9.

13.     Defendant HWAN KIM, as Lieutenant, Integrity Control Officer, Police Service Area No.: 9.

14.     Defendant STEVEN ANDERSEN, as Sergeant, Police Service Area No.: 9.

15.     Defendant JAMES MCKENNA, as Sergeant, Police Service Area No.: 9.

## BACKGROUND

16.     Plaintiff alleges that defendant THE CITY OF NEW YORK through the Police Department City of New York's Office of Equity and Inclusion, the Internal Affairs Bureau and Housing Bureau Investigations Unit are fully aware that discrimination and retaliation is a very serious problem within the department especially supervisor-subordinate.

17.     Plaintiff alleges that although defendant THE CITY OF NEW YORK is fully aware that discrimination and retaliation is a very serious problem within the department especially supervisor-subordinate, supervisors are rarely if ever disciplined aka 'Supervisor Immunity.'

18.     Plaintiff alleges that defendant THE CITY OF NEW YORK fully supports 'Supervisor Immunity.'

19.     Plaintiff alleges that defendant THE CITY OF NEW YORK through the Police Department City of New York's Office of Equity and Inclusion, the Internal Affairs Bureau and

Housing Bureau Investigations Unit specifically investigate cases to reach the result of 'Supervisor Immunity.'

20.     Plaintiff alleges that defendant THE CITY OF NEW YORK through the Police Department City of New York's Office of Equity and Inclusion, the Internal Affairs Bureau and Housing Bureau Investigations Unit rarely if ever, fully investigate the subordinates' claims, often labeled them as 'crazy, lazy, disciplinary problems or aloof.'

21.     Plaintiff alleges that defendant THE CITY OF NEW YORK fully supports the Police Department City of New York's Office of Equity and Inclusion, the Internal Affairs Bureau and Housing Bureau Investigations Unit 'substantiation' rate of less than 10% due to race, gender employee class bias.

22.     Plaintiff alleges that on or about July 1, 2016, while working inside of Police Service Area No.: 9, in the Roll Call Office, her direct supervisor defendant RASHEENA S. HUFFMAN (African-American Female) started talking about the NYPD Guardians Association party later that night.

23.     Plaintiff alleges that the NYPD Guardians Association is a recognized fraternal organization associated with the Police Department City of New York whose membership is primarily comprised of African-American police officers.

24.     Plaintiff alleges that while discussing the upcoming event, defendant RASHEENA S. HUFFMAN made racially and sexually offensive comments towards her.

25.     Plaintiff alleges that defendant RASHEENA S. HUFFMAN told her, she looks like a 'Kardashian Chic' and that's why Black men like her.

26.     Plaintiff alleges that when defendant RASHEENA S. HUFFMAN learned her boyfriend is African-American she responded, "He probably isn't even Black."

27.    Plaintiff alleges that defendant RASHEENA S. HUFFMAN told her, "I don't know why you want to go to the Guardians event when you don't even hangout with Blacks."

28.    Plaintiff alleges that defendant RASHEENA S. HUFFMAN made these racially and sexually offensive comments in the presence of Senior Police Administrative Aide Marion Thompson.

29.    Plaintiff alleges that from on or about July 1, 2016, through September 1, 2016, almost daily defendant RASHEENA S. HUFFMAN subjected her to similar racially and sexually offensive comments.

30.    Plaintiff alleges on or about September 1, 2016, while working inside of Police Service Area No.: 9, in the Administrative Office, her direct supervisor defendant RASHEENA S. HUFFMAN asked her if she saw the news today.

31.    Plaintiff alleges that after replying "No," defendant RASHEENA S. HUFFMAN told her that she should consider herself lucky.

32.    Plaintiff alleges defendant RASHEENA S. HUFFMAN told her, "A White man stabbed a Black person just for being black and the only thing they hate worse than Black people are interracial relationships. They're tired of seeing Black men with white women. So, you should consider yourself lucky because you probably would've been shot up first."

33.    Plaintiff alleges that defendant RASHEENA S. HUFFMAN made these racially and sexually offensive comments in the presence of Police Officer Tamiesha Hoyte.

34.    Plaintiff alleges that on or about October 1, 2016, while working inside of Police Service Area No.: 9, in the Administrative Office, her direct supervisor defendant RASHEENA S. HUFFMAN started talking about interracial relationships.

35.    Plaintiff alleges that defendant RASHEENA S. HUFFMAN made the following

racially and sexually offensive comments:

- Black men date White women because they're submissive
- Black men date White women because they'll remain loyal even if beaten
- Black men date White women because they'll remain loyal even if cheated upon.

36.     Plaintiff alleges that from on or about October 1, 2016, through July 1, 2017, almost daily defendant RASHEENA S. HUFFMAN subjected her to similar racially and sexually offensive comments.

37.     Plaintiff alleges that on or about July 1, 2017, while working inside of Police Service Area No.: 9, in the Roll Call Office, her direct supervisor defendant RASHEENA S. HUFFMAN 'accidentally' grabbed her water bottle.

38.     Plaintiff alleges that after placing the water bottle near her mouth and 'learning' it belonged to her, defendant RASHEENA S. HUFFMAN began screaming "Ewww, oh my god!"

39.     Plaintiff alleges that defendant RASHEENA S. HUFFMAN 'acted' as if she was gagging.

40.     Plaintiff alleges that defendant RASHEENA S. HUFFMAN then said, "Who knows where your mouth has been."

41.     Plaintiff alleges that defendant RASHEENA S. HUFFMAN ordered her to "open her mouth."

42.     Plaintiff alleges that defendant RASHEENA S. HUFFMAN told her she needed to "check for sores."

43.     Plaintiff alleges that defendant RASHEENA S. HUFFMAN made these racially and sexually offensive comments in the presence of Senior Police Administrative Aides Marion Thompson and Andrea Williams.

44.     Plaintiff alleges that on or about August 1, 2017, while inside of a department

vehicle her direct supervisor defendant RASHEENA S. HUFFMAN started talking about interracial relationships and 'mixed children.'

45.     Plaintiff alleges that while operating a department vehicle returning from a funeral, defendant RASHEENA S. HUFFMAN made the following racially and sexually offensive comments:

- People should stick with their own because your kids won't come out right or look like you
- When the plaintiff has a baby, the child will come out 'messed up' because they will not know who they are or where they came from because the father would be Black and she White
- The government will have to create a new box on the United States Census form labeled 'Confused' because the plaintiff's child cannot mark Black or White
- When the plaintiff's child is born, the skin will not look right
- Plaintiff's child will be born 'High Yellow'

46.     Plaintiff alleges that defendant RASHEENA S. HUFFMAN made these racially and sexually offensive comments in the presence of supervisor defendants' HWAN KIM (Integrity Control Officer - Lieutenant); STEVEN ANDERSEN (Training Sergeant) and JAMES MCKENNA (Domestic Violence Sergeant).

47.     Plaintiff alleges that upon information and belief, defendants' HWAN KIM; STEVEN ANDERSEN and JAMES MCKENNA failed to take appropriate disciplinary action against defendant RASHEENA S. HUFFMAN or report such conduct to defendant THE CITY OF NEW YORK through the Police Department City of New York's Office of Equity and Inclusion consistent with department policy.

48.     Plaintiff alleges that a couple of days later, defendant RASHEENA S. HUFFMAN asked to meet with her inside of the Supervisor's Locker Room, Police Service Area No.: 9.

49.     Plaintiff alleges that once inside, defendant RASHEENA S. HUFFMAN told her,

she didn't mean to say that her child will be confused but, that she would be confused.

50.  Plaintiff alleges that defendant RASHEENA S. HUFFMAN told her, she would be confused because she wouldn't be able to comb her own daughter's hair.

51.  Plaintiff alleges that on or about September 1, 2017, she filed a complaint with defendant THE CITY OF NEW YORK through the Police Department City of New York's Office of Equity and Inclusion.

52.  Plaintiff alleges that shortly thereafter; defendant THE CITY OF NEW YORK through the Police Department City of New York's Office of Equity and Inclusion interviewed her.

53.  Plaintiff alleges that from on or about September 1, 2017, through February 1, 2018, despite filing a complaint with defendant THE CITY OF NEW YORK through the Police Department City of New York's Office of Equity and Inclusion almost daily defendant RASHEENA S. HUFFMAN subjected her to similar racially and sexually offensive comments.

54.  Plaintiff alleges that on or about February 1, 2018, defendant RASHEENA S. HUFFMAN began filing 'false' allegations of misconduct against her with defendant HUGH BOGLE.

55.  Plaintiff alleges that at this time, defendant RASHEENA S. HUFFMAN was no longer her direct supervisor yet claimed she could not account for her whereabouts.

56.  Plaintiff alleges that defendant RASHEENA S. HUFFMAN filed a 'false' complaint with defendant HWAN KIM accusing her of stealing time.

57.  Plaintiff alleges that upon information and belief, defendants' HUGH BOGLE and HWAN KIM failed to take appropriate disciplinary action against defendant RASHEENA S. HUFFMAN or report such conduct to defendant THE CITY OF NEW YORK through the Police

Department City of New York's Office of Equity and Inclusion and the Internal Affairs Bureau consistent with department policy.

58.    Plaintiff alleges that from on or about February 1, 2018, through March 19, 2018, despite filing a complaint with defendant THE CITY OF NEW YORK through the Police Department City of New York's Office of Equity and Inclusion almost daily defendant RASHEENA S. HUFFMAN subjected her to similar racially and sexually offensive comments, and other related conduct.

59.    Plaintiff alleges that on or about March 21, 2018, defendant RASHEENA S. HUFFMAN filed a 'false' complaint with defendant HWAN KIM claiming the clothing she is wearing is 'too revealing.'

60.    Plaintiff alleges that defendant RASHEENA S. HUFFMAN told defendant HWAN KIM that her body is 'too curvaceous' and is trying to seduce the male officers with the size of her butt.

61.    Plaintiff alleges that defendants' HUGH BOGLE and HWAN KIM responded by ordering her to change her attire instead of taking appropriate disciplinary action against defendant RASHEENA S. HUFFMAN or report such conduct to defendant THE CITY OF NEW YORK through the Police Department City of New York's Office of Equity and Inclusion and the Internal Affairs Bureau consistent with department policy.

62.    Plaintiff alleges that on or about March 26, 2018, while entering the Locker Room inside of Police Service Area No.: 9, defendant RASHEENA S. HUFFMAN gave her a 'dirty look' then 'intentionally' bumped into her.

63.    Plaintiff alleges that she immediately reported defendant RASHEENA S. HUFFMAN'S conduct to Lieutenant John Evans and defendant STEVEN ANDERSEN.

64.     Plaintiff alleges that defendant HUGH BOGLE responded by changing her tour instead of taking appropriate disciplinary action against defendant RASHEENA S. HUFFMAN or report such conduct to defendant THE CITY OF NEW YORK through the Police Department City of New York's Office of Equity and Inclusion and the Internal Affairs Bureau consistent with department policy.

65.     Plaintiff alleges that on or about March 26, 2018, incident regarding the 'intentional' bump was transferred to defendant THE CITY OF NEW YORK Police Department City of New York's Housing Bureau Investigations Unit for 'investigation.'

66.     Plaintiff alleges that on or about March 27, 2018, while inside of Police Service Area No.: 9, defendant HWAN KIM told her to "stop taking everything so personal and pretend she's (defendant RASHEENA S. HUFFMAN) a pile of shit in the street and walk over her."

67.     Plaintiff alleges on or about April 1, 2018, defendant THE CITY OF NEW YORK through the Police Department City of New York's Office of Equity and Inclusion interviewed her.

68.     Plaintiff alleges that defendant THE CITY OF NEW YORK through the Police Department City of New York's Office of Equity and Inclusion precluded her from having counsel present.

69.     Plaintiff alleges that in or around May 1, 2018, she received a letter from defendant THE CITY OF NEW YORK Police Department City of New York's Housing Bureau Investigations Unit claiming 'there's not enough evidence' for a complaint.

70.     Plaintiff alleges that upon information and belief, defendant THE CITY OF NEW YORK failed to analyze through the Police Department City of New York's Office of Equity and Inclusion, the Internal Affairs Bureau and Housing Bureau Investigations Unit whether

defendant RASHEENA S. HUFFMAN'S actions were motivated in part by plaintiff's race and gender.

71.     Plaintiff alleges that upon information and belief, defendant THE CITY OF NEW YORK failed to analyze through the Police Department City of New York's Office of Equity and Inclusion, the Internal Affairs Bureau and Housing Bureau Investigations Unit whether defendants' HUGH BOGLE; RASHEENA S. HUFFMAN; HWAN KIM; STEVEN ANDERSEN and JAMES MCKENNA failure to take disciplinary action against defendant RASHEENA S. HUFFMAN were motivated in part by plaintiff's race and gender.

72.     Plaintiff alleges that upon information and belief, defendant THE CITY OF NEW YORK failed to analyze through the Police Department City of New York's Office of Equity and Inclusion, the Internal Affairs Bureau and Housing Bureau Investigations Unit whether defendants' HUGH BOGLE; RASHEENA S. HUFFMAN; HWAN KIM; STEVEN ANDERSEN and JAMES MCKENNA failure to report defendant RASHEENA S. HUFFMAN were motivated in part by plaintiff's race and gender.

## VIOLATIONS AND CLAIMS ALLEGED
### COUNT I
### GENDER DISCRIMINATION
### IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

73.     Plaintiff re-alleges Paragraphs 1 through 72 and incorporates them by reference as Paragraphs 1 through 72 of Count I of this Complaint.

74.     Plaintiff alleges that defendant THE CITY OF NEW YORK through its agents engaged in a pattern and practice of gender discrimination against her with respect to the terms, conditions and privileges of employment because of her gender.

75.     Plaintiff alleges that defendant THE CITY OF NEW YORK knew or should have

known about gender discrimination in the workplace because of their prior history of discriminatory conduct.

76.    Plaintiff alleges that the discriminatory acts of defendant THE CITY OF NEW YORK caused her to suffer depression and anxiety.

77.    Plaintiff alleges that defendant THE CITY OF NEW YORK acted in an outrageous and systematic pattern of oppression, bad faith and cover-up.

78.    Plaintiff alleges that the acts of defendant THE CITY OF NEW YORK under color of law caused her to incur significant legal costs, emotional distress, damage to her personal and professional reputation.

## COUNT II
## RACE DISCRIMINATION
## IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

79.    Plaintiff re-alleges Paragraphs 1 through 78 and incorporates them by reference as Paragraphs 1 through 78 of Count II of this Complaint.

80.    Plaintiff alleges that defendant THE CITY OF NEW YORK through its agents engaged in a pattern and practice of race discrimination against her with respect to the terms, conditions and privileges of employment because of her race.

81.    Plaintiff alleges that defendant THE CITY OF NEW YORK knew or should have known about race discrimination in the workplace because of their prior history of discriminatory conduct.

82.    Plaintiff alleges that the discriminatory acts of defendant THE CITY OF NEW YORK caused her to suffer depression and anxiety.

83.    Plaintiff alleges that defendant THE CITY OF NEW YORK acted in an outrageous and systematic pattern of oppression, bad faith and cover-up.

84.     Plaintiff alleges that the acts of defendant THE CITY OF NEW YORK under color of law caused her to incur significant legal costs, emotional distress, damage to her personal and professional reputation.

## COUNT III
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

85.     Plaintiff re-alleges Paragraphs 1 through 84 and incorporates them by reference as Paragraphs 1 through 84 of Count III of this Complaint.

86.     Plaintiff alleges that defendant THE CITY OF NEW YORK through its agents engaged in various cruel and hostile actions towards her due to gender and race.

87.     Plaintiff alleges that the cruel and hostile acts of defendant THE CITY OF NEW YORK through its agents under color of law caused her to incur significant legal costs, emotional distress, damage to her personal and professional reputation.

## COUNT IV
## RETALIATION
## IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

88.     Plaintiff re-alleges Paragraphs 1 through 87 and incorporates them by reference as Paragraphs 1 through 87 of Count IV of this Complaint.

89.     Plaintiff alleges that defendant THE CITY OF NEW YORK through its agents engaged in various retaliatory actions against her for opposing gender and race discrimination and filing such complaints with Police Department City of New York's Office of Equity and Inclusion, the Internal Affairs Bureau, Housing Bureau Investigations Unit and the EEOC.

90.     Plaintiff alleges that because of the illegal acts of defendant THE CITY OF NEW YORK through its agents under color of law caused her to incur significant legal costs,

emotional distress, damage to her personal and professional reputation.

## COUNT V
## GENDER DISCRIMINATION
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

91.     Plaintiff re-alleges Paragraphs 1 through 90 and incorporates them by reference as Paragraphs 1 through 90 of Count V of this Complaint.

92.     Plaintiff alleges that defendants' HUGH BOGLE; RASHEENA S. HUFFMAN; HWAN KIM; STEVEN ANDERSEN and JAMES MCKENNA intentionally engaged in an outrageous and systematic pattern of gender discrimination, oppression, bad faith and cover-up, directed at her.

93.     Plaintiff alleges that defendants' HUGH BOGLE; RASHEENA S. HUFFMAN; HWAN KIM; STEVEN ANDERSEN and JAMES MCKENNA acting individually and in their official capacities as a public officials of defendant THE CITY OF NEW YORK under color of law, and having been fully advised that she was being deprived of her constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against her, or knowing such discrimination was taking place, knowingly omitted to act to protect her.

94.     Plaintiff alleges that defendants' HUGH BOGLE; RASHEENA S. HUFFMAN; HWAN KIM; STEVEN ANDERSEN and JAMES MCKENNA under color of law caused her to incur significant legal costs, emotional distress, damage to her personal and professional reputation.

## COUNT VI
## RACE DISCRIMINATION
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

95.     Plaintiff re-alleges Paragraphs 1 through 94 and incorporates them by reference as Paragraphs 1 through 94 of Count VI of this Complaint.

96.     Plaintiff alleges that defendants' HUGH BOGLE; RASHEENA S. HUFFMAN; HWAN KIM; STEVEN ANDERSEN and JAMES MCKENNA intentionally engaged in an outrageous and systematic pattern of race discrimination, oppression, bad faith and cover-up, directed at her.

97.     Plaintiff alleges that defendants' HUGH BOGLE; RASHEENA S. HUFFMAN; HWAN KIM; STEVEN ANDERSEN and JAMES MCKENNA acting individually and in their official capacities as a public officials of defendant THE CITY OF NEW YORK under color of law, and having been fully advised that she was being deprived of her constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against her, or knowing such discrimination was taking place, knowingly omitted to act to protect her.

98.     Plaintiff alleges that defendants' HUGH BOGLE; RASHEENA S. HUFFMAN; HWAN KIM; STEVEN ANDERSEN and JAMES MCKENNA under color of law caused her to incur significant legal costs, emotional distress, damage to her personal and professional reputation.

## COUNT VII
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

99.     Plaintiff re-alleges Paragraphs 1 through 98 and incorporates them by reference as Paragraphs 1 through 98 of Count VII of this Complaint.

100.     Plaintiff alleges that defendants' HUGH BOGLE; RASHEENA S. HUFFMAN; HWAN KIM; STEVEN ANDERSEN and JAMES MCKENNA intentionally engaged in an outrageous and systematic pattern of gender and race discrimination, hostility, oppression, bad faith and cover-up, directed at her.

101.     Plaintiff alleges that defendants' HUGH BOGLE; RASHEENA S. HUFFMAN;

HWAN KIM; STEVEN ANDERSEN and JAMES MCKENNA acting individually and in their official capacities as a public officials of defendant THE CITY OF NEW YORK under color of law, and having been fully advised that she was being deprived of her constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against her, or knowing such discrimination was taking place, knowingly omitted to act to protect her.

102. Plaintiff alleges that defendants' HUGH BOGLE; RASHEENA S. HUFFMAN; HWAN KIM; STEVEN ANDERSEN and JAMES MCKENNA under color of law caused her to incur significant legal costs, emotional distress, and damage to her personal and professional reputation.

## COUNT VIII
## RETALIATION
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

103. Plaintiff re-alleges Paragraphs 1 through 102 and incorporates them by reference as Paragraphs 1 through 102 of Count VIII of this Complaint.

104. Plaintiff alleges that defendants' HUGH BOGLE; RASHEENA S. HUFFMAN; HWAN KIM; STEVEN ANDERSEN and JAMES MCKENNA intentionally engaged in an outrageous and systematic pattern of gender and race discrimination, hostility, oppression, bad faith and cover-up, directed at her.

105. Plaintiff alleges that defendants' HUGH BOGLE; RASHEENA S. HUFFMAN; HWAN KIM; STEVEN ANDERSEN and JAMES MCKENNA acting individually and in their official capacities as a public officials of defendant THE CITY OF NEW YORK under color of law, and having been fully advised that she was being deprived of her constitutional rights, either acted in a concerted, malicious intentional pattern to retaliate against her for filing such complaints with Police Department City of New York's Office of Equity and Inclusion, the

Internal Affairs Bureau, Housing Bureau Investigations Unit and the EEOC.

106. Plaintiff alleges that defendants' HUGH BOGLE; RASHEENA S. HUFFMAN; HWAN KIM; STEVEN ANDERSEN and JAMES MCKENNA under color of law caused her to incur significant legal costs, emotional distress, and damage to her personal and professional reputation

**COUNT IX**
**MONELL CLAIM**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

107. Plaintiff re-alleges Paragraphs 1 through 106 and incorporates them by reference as Paragraphs 1 through 106 of Count IX of this Complaint.

108. Plaintiff alleges defendant THE CITY OF NEW YORK through its agents caused her injuries.

109. Plaintiff alleges defendant THE CITY OF NEW YORK actions of implementing 'official and un-official' policies of supporting gender and race discrimination, retaliation, 'Supervisor Immunity' and related claims under color of law.

110. Plaintiff alleges defendant THE CITY OF NEW YORK through its agents deprived her of constitutional and statutory rights.

111. Plaintiff alleges defendant THE CITY OF NEW YORK through its agents caused her to sustain damages.

**COUNT X**
**GENDER DISCRIMINATION**
**IN VIOLATION OF**
**NEW YORK STATE EXECUTIVE LAW § 296**

112. Plaintiff re-alleges Paragraphs 1 through 111 and incorporates them by reference as Paragraphs 1 through 111 of Count X of this Complaint.

113. Plaintiff alleges that New York State Executive Law § 296, makes it unlawful to

discriminate against any individual in the terms, conditions, or privileges of employment because of their gender.

114.     Plaintiff alleges that defendants THE CITY OF NEW YORK; HUGH BOGLE; RASHEENA S. HUFFMAN; HWAN KIM; STEVEN ANDERSEN and JAMES MCKENNA discriminated against her because of her gender.

115.     Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of defendants THE CITY OF NEW YORK; HUGH BOGLE; RASHEENA S. HUFFMAN; HWAN KIM; STEVEN ANDERSEN and JAMES MCKENNA, she suffered the indignity of gender discrimination and great humiliation.

116.     Plaintiff alleges that defendants THE CITY OF NEW YORK; HUGH BOGLE; RASHEENA S. HUFFMAN; HWAN KIM; STEVEN ANDERSEN and JAMES MCKENNA'S violations caused her to incur significant legal costs, emotional distress, damage to her personal and professional reputation.

## COUNT XI
## RACE DISCRIMINATION
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

117.     Plaintiff re-alleges Paragraphs 1 through 116 and incorporates them by reference as Paragraphs 1 through 116 of Count XI of this Complaint.

118.     Plaintiff alleges that New York State Executive Law § 296, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their race.

119.     Plaintiff alleges that defendants THE CITY OF NEW YORK; HUGH BOGLE; RASHEENA S. HUFFMAN; HWAN KIM; STEVEN ANDERSEN and JAMES MCKENNA discriminated against her because of her race.

120.     Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of defendants THE CITY OF NEW YORK; HUGH BOGLE; RASHEENA S. HUFFMAN; HWAN KIM; STEVEN ANDERSEN and JAMES MCKENNA, she suffered the indignity of race discrimination and great humiliation.

121.     Plaintiff alleges that defendants THE CITY OF NEW YORK; HUGH BOGLE; RASHEENA S. HUFFMAN; HWAN KIM; STEVEN ANDERSEN and JAMES MCKENNA'S violations caused her to incur significant legal costs, emotional distress, damage to her personal and professional reputation.

**COUNT XII**
**HOSTILE WORK ENVIRONMENT**
**IN VIOLATION OF**
**NEW YORK STATE EXECUTIVE LAW § 296**

122.     Plaintiff re-alleges Paragraphs 1 through 121 and incorporates them by reference as Paragraphs 1 through 121 of Count XII of this Complaint.

123.     Plaintiff alleges that New York State Executive Law § 296, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their gender and race.

124.     Plaintiff alleges that the law also makes it unlawful to create an atmosphere where hostilities are encouraged and/or tolerated.

125.     Plaintiff alleges that defendants THE CITY OF NEW YORK; HUGH BOGLE; RASHEENA S. HUFFMAN; HWAN KIM; STEVEN ANDERSEN and JAMES MCKENNA engaged in various hostile actions against her based upon her gender and race.

126.     Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of defendants THE CITY OF NEW YORK; HUGH BOGLE; RASHEENA S. HUFFMAN; HWAN KIM; STEVEN ANDERSEN and JAMES MCKENNA, she suffered the

indignity of gender and race discrimination.

127.     Plaintiff alleges that defendants THE CITY OF NEW YORK; HUGH BOGLE;

RASHEENA S. HUFFMAN; HWAN KIM; STEVEN ANDERSEN and JAMES MCKENNA'S

violations caused her to incur significant legal costs, emotional distress, damage to her personal

and professional reputation.

## COUNT XIII
## RETALIATION
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

128.     Plaintiff re-alleges Paragraphs 1 through 127 and incorporates them by reference as Paragraphs 1

through 127 of Count XIII of this Complaint.

129.     Plaintiff alleges that New York State Executive Law § 296, makes it unlawful to

discriminate against any individual in the terms, conditions, or privileges of employment because

of their gender and race.

130.     Plaintiff alleges that the law also makes it unlawful to create an atmosphere where

retaliation is encouraged and/or tolerated.

131.     Plaintiff alleges that defendants THE CITY OF NEW YORK; HUGH BOGLE;

RASHEENA S. HUFFMAN; HWAN KIM; STEVEN ANDERSEN and JAMES MCKENNA

engaged in various retaliatory actions against her because of her opposition to gender and race

discrimination and for filing such complaints with Police Department City of New York's Office

of Equity and Inclusion, the Internal Affairs Bureau, Housing Bureau Investigations Unit and the

EEOC.

132.     Plaintiff alleges that as a direct and proximate result of the unlawful employment

practices of defendants THE CITY OF NEW YORK; HUGH BOGLE; RASHEENA S.

HUFFMAN; HWAN KIM; STEVEN ANDERSEN and JAMES MCKENNA, she suffered the

indignity of gender and race discrimination and great humiliation.

133.    Plaintiff alleges that defendants THE CITY OF NEW YORK; HUGH BOGLE;
RASHEENA S. HUFFMAN; HWAN KIM; STEVEN ANDERSEN and JAMES MCKENNA'S
violations caused her mental anguish, emotional distress, damage to her personal and
professional reputation.

**COUNT XIV**
**GENDER DISCRIMINATION**
**IN VIOLATION OF**
**NEW YORK CITY ADMINISTRATIVE CODE § 8-107**

134.    Plaintiff re-alleges Paragraphs 1 through 133 and incorporates them by reference as Paragraphs 1
through 133 of Count XIV of this Complaint.

135.    Plaintiff alleges that New York City Administrative Code § 8-107, makes it
unlawful to discriminate against any individual in the terms, conditions, or privileges of
employment because of their gender.

136.    Plaintiff alleges that defendants THE CITY OF NEW YORK; HUGH BOGLE;
RASHEENA S. HUFFMAN; HWAN KIM; STEVEN ANDERSEN and JAMES MCKENNA
discriminated against her because of her gender.

137.    Plaintiff alleges that as a direct and proximate result of the unlawful employment
practices of defendants THE CITY OF NEW YORK; HUGH BOGLE; RASHEENA S.
HUFFMAN; HWAN KIM; STEVEN ANDERSEN and JAMES MCKENNA, she suffered the
indignity of gender discrimination and great humiliation.

138.    Plaintiff alleges that defendants THE CITY OF NEW YORK; HUGH BOGLE;
RASHEENA S. HUFFMAN; HWAN KIM; STEVEN ANDERSEN and JAMES MCKENNA'S
violations caused her to incur significant legal costs, emotional distress, damage to her personal
and professional reputation.

## COUNT XV
## RACE DISCRIMINATION
## IN VIOLATION OF
## NEW YORK CITY ADMINISTRATIVE CODE § 8-107

139.    Plaintiff re-alleges Paragraphs 1 through 138 and incorporates them by reference as Paragraphs 1 through 138 of Count XV of this Complaint.

140.    Plaintiff alleges that New York City Administrative Code § 8-107, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their race.

141.    Plaintiff alleges that defendants THE CITY OF NEW YORK; HUGH BOGLE; RASHEENA S. HUFFMAN; HWAN KIM; STEVEN ANDERSEN and JAMES MCKENNA discriminated against her because of her race.

142.    Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of defendants' THE CITY OF NEW YORK; HUGH BOGLE; RASHEENA S. HUFFMAN; HWAN KIM; STEVEN ANDERSEN and JAMES MCKENNA, she suffered the indignity of race discrimination and great humiliation.

143.    Plaintiff alleges that defendants THE CITY OF NEW YORK; HUGH BOGLE; RASHEENA S. HUFFMAN; HWAN KIM; STEVEN ANDERSEN and JAMES MCKENNA'S violations caused her to incur significant legal costs, emotional distress, damage to her personal and professional reputation.

## COUNT XVI
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

144.    Plaintiff re-alleges Paragraphs 1 through 143 and incorporates them by reference as Paragraphs 1 through 143 of Count XVII of this Complaint.

145.    Plaintiff alleges that New York City Administrative Code § 8-107, makes it

unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their gender and race.

146.     Plaintiff alleges that the law also makes it unlawful to create an atmosphere where hostilities are encouraged and/or tolerated.

147.     Plaintiff alleges that defendants THE CITY OF NEW YORK; HUGH BOGLE; RASHEENA S. HUFFMAN; HWAN KIM; STEVEN ANDERSEN and JAMES MCKENNA engaged in various hostile actions against her.

148.     Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of defendants THE CITY OF NEW YORK; HUGH BOGLE; RASHEENA S. HUFFMAN; HWAN KIM; STEVEN ANDERSEN and JAMES MCKENNA, she suffered the indignity of gender and race discrimination.

149.     Plaintiff alleges that defendants THE CITY OF NEW YORK; HUGH BOGLE; RASHEENA S. HUFFMAN; HWAN KIM; STEVEN ANDERSEN and JAMES MCKENNA'S violations caused her to incur significant legal costs, emotional distress, damage to her personal and professional reputation.

## COUNT XVII
## RETALIATION
## IN VIOLATION OF
## NEW YORK CITY ADMINISTRATIVE CODE § 8-107

150.     Plaintiff re-alleges Paragraphs 1 through 149 and incorporates them by reference as Paragraphs 1 through 149 of Count XVII of this Complaint.

151.     Plaintiff alleges that New York City Administrative Code § 8-107, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their gender and race.

152.     Plaintiff alleges that the law also makes it unlawful to create an atmosphere where

retaliation is encouraged and/or tolerated.

153. Plaintiff alleges that defendants THE CITY OF NEW YORK; HUGH BOGLE; RASHEENA S. HUFFMAN; HWAN KIM; STEVEN ANDERSEN and JAMES MCKENNA engaged in various retaliatory actions against her for filing such complaints with Police Department City of New York's Office of Equity and Inclusion, the Internal Affairs Bureau, Housing Bureau Investigations Unit and the EEOC.

154. Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of defendants THE CITY OF NEW YORK; HUGH BOGLE; RASHEENA S. HUFFMAN; HWAN KIM; STEVEN ANDERSEN and JAMES MCKENNA, she suffered the indignity of gender and race discrimination and great humiliation.

155. Plaintiff alleges that defendants THE CITY OF NEW YORK; HUGH BOGLE; RASHEENA S. HUFFMAN; HWAN KIM; STEVEN ANDERSEN and JAMES MCKENNA'S violations caused her mental anguish, emotional distress, damage to her personal and professional reputation.

## **JURY TRIAL**

156. Plaintiff demands a trial by jury of all issues in this action that are so triable.

# PRAYER FOR RELIEF

Wherefore, plaintiff demands compensatory and punitive damages from defendants THE
CITY OF NEW YORK; HUGH BOGLE; RASHEENA S. HUFFMAN; HWAN KIM; STEVEN
ANDERSEN and JAMES MCKENNA jointly and severally, in an amount to be determined at
trial, plus any al available statutory remedies, both legal and equitable, and interests and costs.

Dated: November 12, 2019
New York, N.Y.

Respectfully submitted,

By: _____
Eric Sanders

Eric Sanders, Esq.
**THE SANDERS FIRM, P.C.**
30 Wall Street, 8th Floor
New York, NY 10005
(212) 652-2782 (Business Telephone)
(212) 652-2783 (Facsimile)

Website: http://www.thesandersfirmpc.com